Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER KERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; THE HOLLYWOOD REPORTER, LLC, a Delaware Limited Liability Company; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff Hunter Kerhart, through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because a substantial part of the acts and omissions giving rise to the claims occurred in this judicial district.

## PARTIES

4.    Kerhart is a Los Angeles-based photographer specializing in architectural photography.

5.    Defendant PENSKE MEDIA CORPORATION ("PMC") is a Delaware corporation with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. PMC is the parent company of DIRT and THR (both defined below). PMC is well-versed in copyright law: it is a publishing and media company; and it has been sued numerous times for, and has initiated numerous lawsuits alleging, copyright infringement.

6.    Defendant DIRT.COM, LLC ("DIRT") is a Delaware limited liability company with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. DIRT is a subsidiary of PMC. DIRT, along with PMC, owns, operates, and/or controls the commercial website dirt.com and its related/affiliated websites, subdomains, and mobile applications, which features content focused on real estate.

7.    Defendant THE HOLLYWOOD REPORTER, LLC ("THR") is a Delaware Limited Liability Company with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. THR is a subsidiary of PMC. THR, along with PMC, owns, operates, and/or controls the commercial website hollywoodreporter.com and its related/affiliated websites, subdomains, and mobile applications (altogether, with dirt.com and its related/affiliated websites, subdomains, and mobile applications, the "PMC Defendants' Websites").

8.    Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with PMC, DIRT, and THR, the "Defendants"), are other parties not yet identified who have infringed

Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

9. Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each**)

10. Kerhart took and owns 18 original photographs that are registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies of the Subject Photographs, and their accompanying registration information, are set forth in **Exhibit 1**.

11. Following the publication and display of the Subject Photographs, Defendants (and each of them) displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used verbatim copies of the Subject Photographs, in their entireties, on the PMC Defendants' Websites for commercial purposes without license, authorization, or consent from Kerhart (collectively, the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in **Exhibit 1**.

12. Defendants, and each of them, had access to the Subject Photographs, including through a Multiple Listing Service ("MLS"), a real estate listing

aggregator website (e.g., redfin.com, realtor.com, zillow.com), Plaintiff's website, an authorized licensee of Plaintiff's, an Internet search engine, and/or another third-party website.

13. Defendants, and each of them, stored, copied, displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used the Subject Photographs without license, authorization, or consent from Plaintiff, including in the Accused Posts.

14. Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs in an amount to be established at trial.

16. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement Against PMC)**

17. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

18. PMC had knowledge of, and materially contributed to, the Accused Posts; and had the right and ability to supervise, and a direct financial interest in (and realization of profits through), Dirt's and THR's conduct alleged herein—specifically, the storage, copying, display, publication, reproduction, creation of

derivative works, distribution, and/or other use of the Accused Posts on the PMC Defendants' Websites.

19. As a result of PMC's acts of contributory and/or vicarious copyright infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be established at trial.

20. Due to PMC's acts of contributory and/or vicarious copyright infringement, PMC has obtained profits it would not have realized but for its infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of PMC's profits attributable to its and Dirt's and THR's infringement of Plaintiff's copyrights in and to the Subject Photographs, in an amount to be established at trial.

21. Upon information and belief, Plaintiff alleges that PMC has committed contributory and/or vicarious copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of contributory and/or vicarious copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a. That Plaintiff be awarded Defendants' (and each of their) profits, plus Plaintiff's losses, attributable to Defendants' infringements of the copyrights in Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

    b. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

    c. That Plaintiff be awarded pre-judgment interest as allowed by law; That Plaintiff be awarded such further relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 7, 2023                    DONIGER / BURROUGHS

                                  By:   */s/ Stephen M. Doniger*
                                        Stephen M. Doniger, Esq.
                                        Benjamin F. Tookey, Esq.
                                        Attorneys for Plaintiff

6
COMPLAINT