1  Stephen M. Doniger (SBN 179314)
   stephen@donigerlawfirm.com
2  Benjamin F. Tookey (SBN 330508)
   btookey@donigerlawfirm.com
3  DONIGER/BURROUGHS
4  603 Rose Avenue
   Venice California 90291
5  Telephone: (310) 590-1820
6  Attorneys for Plaintiff

7
                    UNITED STATES DISTRICT COURT
8                   CENTRAL DISTRICT OF CALIFORNIA
9

10  HUNTER KERHART, an individual        Case No. 2:23-cv-01717-PA-DFM
                                         *Hon. Percy Anderson Presiding*
11  Plaintiff,
                                         PLAINTIFF'S FIRST AMENDED
12  v.                                   COMPLAINT FOR:
                                          1. COPYRIGHT
13                                           INFRINGEMENT
    PENSKE MEDIA CORPORATION, a
14  Delaware Corporation; DIRT.COM, LLC, a  2. VICARIOUS AND/OR
    Delaware Limited Liability Company; THE    CONTRIBUTORY
15  HOLLYWOOD REPORTER, LLC, a             COPYRIGHT
16  Delaware Limited Liability Company; and  INFRINGEMENT
    DOES 1 through 10,
17
18  Defendants.                          Jury Trial Demanded
19

20      Plaintiff Hunter Kerhart ("Kerhart" or "Plaintiff"), through counsel, hereby
21  prays to this honorable Court for relief based on the following:
22                    **JURISDICTION AND VENUE**
23      1.    This action arises under the Copyright Act, 17 U.S.C. § 101, *et seq.*
24      2.    This Court has federal question jurisdiction under 28 U.S.C. §§ 1331,
25  1338(a)-(b).
26      3.    Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and
27  1400(a) because a substantial part of the acts and omissions giving rise to the claims
28  occurred in this judicial district.

**PARTIES**

4.      Kerhart is a Los Angeles-based photographer specializing in architectural photography.

5.      Defendant PENSKE MEDIA CORPORATION ("PMC") is a Delaware corporation with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. PMC is the parent company of DIRT and THR (both defined below). PMC is well-versed in copyright law: it is a publishing and media company; and it has been sued numerous times for, and has initiated numerous lawsuits alleging, copyright infringement.

6.      Defendant DIRT.COM, LLC ("DIRT") is a Delaware limited liability company with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. DIRT is a subsidiary of PMC. DIRT, along with PMC, owns, operates, and/or controls the commercial website dirt.com and its related/affiliated websites, subdomains, and mobile applications, which features content focused on real estate.

7.      Defendant THE HOLLYWOOD REPORTER, LLC ("THR") is a Delaware Limited Liability Company with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025. THR is a subsidiary of PMC. THR, along with PMC, owns, operates, and/or controls the commercial website hollywoodreporter.com and its related/affiliated websites, subdomains, and mobile applications (altogether, with dirt.com and its related/affiliated websites, subdomains, and mobile applications, the "PMC Defendants' Websites").

8.      Upon information and belief, Plaintiff alleges that Defendants DOES 1 through 10 (collectively, "DOE Defendants") (altogether with PMC, DIRT, and THR, the "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged

herein. The true names, whether corporate, individual or otherwise, of DOE
Defendants are presently unknown to Plaintiff, which therefore sues said DOE
Defendants by such fictitious names, and will seek leave to amend this Complaint
to show their true names and capacities when same have been ascertained.

9.    Upon information and belief, Plaintiff alleges that each of the
Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego,
and/or employee of the remaining Defendants, and was at all times acting within
the scope of such agency, affiliation, alter-ego relationship, and/or employment;
and actively participated in, subsequently ratified, and/or adopted each of the acts
or conduct alleged, with full knowledge of each violation of Plaintiff's rights and
the damages to Plaintiff proximately caused thereby.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement - Against All Defendants, and Each)

10.    Kerhart took and owns 29 original photographs that are registered
with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies
of the Subject Photographs, and their accompanying registration information, are
set forth in **Exhibit 1**.

11.    Following the publication and display of the Subject Photographs,
Defendants (and each of them) displayed, published, reproduced, created
derivative works of, distributed, and/or otherwise used verbatim copies of the
Subject Photographs, in their entireties, on the PC Defendants' Websites for
commercial purposes without license, authorization, or consent from Kerhart
(collectively, the "Accused Posts"). Copies of screen captures of the Accused
Posts are set forth in **Exhibit 1.**

12.    Defendants, and each of them, had access to the Subject Photographs,
including through a Multiple Listing Service ("MLS"), a real estate listing
aggregator website (e.g., redfin.com, realtor.com, zillow.com), Plaintiff's website,

an authorized licensee of Plaintiff's, an Internet search engine, and/or another third-party website.

13.     Defendants, and each of them, stored, copied, displayed, published, reproduced, created derivative works of, distributed, and/or otherwise used the Subject Photographs without license, authorization, or consent from Plaintiff, including in the Accused Posts.

14.     Due to Defendants' (and each of their) acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15.     Due to Defendants' (and each of their) acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. This entitles Plaintiff to disgorgement of Defendants' profits attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs in an amount to be established at trial.

16.     Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of copyright infringement were, and continue to be, willful, intentional, malicious, and/or were taken with reckless disregard for Plaintiff's rights.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement Against PMC**)

17.     Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

18.     PMC had knowledge of, and materially contributed to, the Accused Posts; and had the right and ability to supervise, and a direct financial interest in (and realization of profits through), Dirt's and THR's conduct alleged herein—specifically, the storage, copying, display, publication, reproduction, creation of

4

FIRST AMENDED COMPLAINT

derivative works, distribution, and/or other use of the Accused Posts on the PMC Defendants' Websites.

19.     As a result of PMC's acts of contributory and/or vicarious copyright infringement, Plaintiff has suffered, and will continue to suffer, damages in an amount to be established at trial.

20.     Due to PMC's acts of contributory and/or vicarious copyright infringement, PMC has obtained profits it would not have realized but for its infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of PMC's profits attributable to its and Dirt's and THR's infringement of Plaintiff's copyrights in and to the Subject Photographs, in an amount to be established at trial.

21.     Upon information and belief, Plaintiff alleges that PMC has committed contributory and/or vicarious copyright infringement with actual or constructive knowledge of Plaintiff's rights, such that said acts of contributory and/or vicarious copyright infringement were, and continue to be, willful, intentional, malicious, and/or taken with reckless disregard for Plaintiff's rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

    a.  That Plaintiff be awarded Defendants' (and each of their) profits, plus Plaintiff's losses, attributable to Defendants' infringements of the copyrights in Subject Photographs, the exact sum to be proven at the time of trial; or, if elected, statutory damages as available under 17 U.S.C. § 504;

    b.  That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

    c.  That Plaintiff be awarded pre-judgment interest as allowed by law; That Plaintiff be awarded such further relief as the Court deems proper.

FIRST AMENDED COMPLAINT

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 15, 2023

DONIGER / BURROUGHS

By:   */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
Attorneys for Plaintiff

FIRST AMENDED COMPLAINT