Lincoln D. Bandlow (SBN: 170449)
Lincoln@BandlowLaw.com
Rom Bar-Nissim (SBN: 293356)
Rom@BandlowLaw.com
**Law Offices of Lincoln Bandlow, P.C.**
1801 Century Park East, Suite 2400
Los Angeles, CA 90067
Telephone: 310.556.9680
Facsimile: 310.861.5550

Attorneys for Defendants
Penske Media Corporation,
Dirt.Com, LLC and
The Hollywood Reporter, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUNTER KERHART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>PENSKE MEDIA CORPORATION, a Delaware Corporation; DIRT.COM, LLC, a Delaware Limited Liability Company; THE HOLLYWOOD REPORTER, LLC, a Delaware Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:  2:23-cv-01717-PA-DFM<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Assigned to: Hon. Percy Anderson |

Defendants Penske Media Corporation ("PMC"), Dirt.com, LLC ("Dirt") and The Hollywood Reporter, LLC ("THR") (collectively, "Defendants") by and through their undersigned counsel, hereby answer the First Amended Complaint ("FAC") of plaintiff Hunter Kerhart ("Kerhart"). Defendants, as individual defendants, respond to the allegations contained in Kerhart's FAC only insofar as they pertain to those particular defendants and not as to any other defendant in this matter. If an allegation is not specifically admitted, it is hereby denied.

## JURISDICTION AND VENUE

1.     Defendants deny that they have committed any infringement or wrongful acts, but do not contest that this action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*

2.     Defendants do not contest this Court's federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a-b).

3.     Defendants deny that they have committed any infringement or wrongful acts, but they do not contest Kerhart's selection of venue in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(a).

## PARTIES

4.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny the allegations on that basis.

5.     Defendants admit that PMC is a Delaware corporation with its principal place of business located at 11175 Santa Monica Blvd., Los Angeles, CA 90025 and that it is the parent company of Dirt. As to the remaining allegations contained in Paragraph 5, they constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, the Defendants deny the remaining allegations of Paragraph 5.

6.     Defendants admit the allegations of Paragraph 6, except for the phrase "its related/affiliated websites" and "mobile applications." Since it is unclear to

Defendants what is a "related/affiliated websites" of "dirt.com" or a "mobile application" of "dirt.com," Defendants lack knowledge and information sufficient to form a belief as to those allegations and, therefore, deny those allegations on that basis.

7.     Defendants admit the allegations of Paragraph 6, except for the phrase "its related/affiliated websites." Since it is unclear to Defendants what is a "related/affiliated websites" of "hollywoodreporter.com," Defendants lack knowledge and information sufficient to form a belief as to this allegations and, therefore, deny this allegation on that basis.

8.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and therefore deny the allegations on that basis.

9.     The allegations contained in Paragraph 9 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 9.

## FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants, and Each)

10.     Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny the allegations on that basis.

11.     The allegations contained in Paragraph 11 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 11, and therefore deny the allegations on that basis.

12.     Dirt admits that it had access to a Multiple Listing Service ("MLS") and, who Dirt believes, authorized licensees of Kerhart who authorized Defendants' use of the Subject Photographs. Defendants lack knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12

and, therefore, deny the allegations on that basis.

13.     The allegations contained in Paragraph 13 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny this allegation as Dirt received authorization from the real estates agent who commissioned the Subject Photographs for Defendants to use the Subject Photographs in news articles reporting on the sale of the property.

14.     The allegations contained in Paragraph 14 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of Paragraph 14.

15.     The allegations contained in Paragraph 15 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of Paragraph 15.

16.     The allegations contained in Paragraph 16 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations of Paragraph 16.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement Against PMC)**

17.     Defendants incorporate by reference their responses to Paragraphs 1 through 16 of Kerhart's FAC set forth above as if they were fully set forth herein.

18.     The allegations contained in Paragraph 18 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 18.

19.     The allegations contained in Paragraph 19 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 19.

20.     The allegations contained in Paragraph 20 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, Defendants deny the allegations contained in Paragraph 21.

## PRAYER FOR RELIEF

a.     Defendants deny that Kerhart is entitled to the relief requested in Paragraph (a) of Kerhart's Prayer for Relief in the FAC.

b.     Defendants deny that Kerhart is entitled to the relief requested in Paragraph (b) of Kerhart's Prayer for Relief in the FAC.

c.     Defendants deny that Kerhart is entitled to the relief requested in Paragraph (c) of Kerhart's Prayer for Relief in the FAC.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses to Kerhart's FAC. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply a concession that Kerhart is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that would otherwise rest on Kerhart.  Defendants allege that they cannot fully anticipate all affirmative defenses that may be applicable to the present action. Accordingly, Defendants hereby reserve their right to assert additional affirmative defenses based on information subsequently acquired through discovery, investigation, or otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for their affirmative defenses in this action, Defendants hereby assert and allege the following:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Kerhart's FAC and each claim for relief therein (in whole or in part) fail to state a claim upon which relief can be granted.

/ / /

/ / /

## SECOND AFFIRMATIVE DEFENSE

### (License)

Kerhart's claims fail (in whole or in part) because the Defendants secured the appropriate license for Kerhart's copyrighted works.

## THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

Kerhart's claims fail (in whole or part) because, to the extent Kerhart's works allegedly were copied without authorization from Kerhart (which the Defendants expressly deny) such use was transformative and constituted "fair use" under 17 U.S.C. § 107.

## FOURTH AFFIRMATIVE DEFENSE

### (No Underlying Infringement)

Kerhart's claims of contributory and vicarious copyright infringement against PMC are barred (in whole or in part) as Kerhart cannot establish any underlying infringement by a third-party.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge of Underlying Infringement)

Kerhart's claim based upon contributory copyright infringement against PMC is barred as PMC did not have knowledge of any underlying third-party infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Lack of Inducement, Material Contribution or Cause)

Kerhart's claim based upon contributory copyright infringement against PMC is barred as PMC did not induce, material contribute or cause any purported third-party infringement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Right and Ability to Control)

Kerhart's claim based upon vicarious copyright infringement against PMC is

barred as PMC did not have the right and ability to control any purported third-party infringement.

### EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Direct Financial Benefit)

Kerhart's claim based upon vicarious copyright infringement against PMC is barred as PMC did not receive a direct financial benefit from the alleged infringement.

### NINTH AFFIRMATIVE DEFENSE

### (No Causation)

Kerhart did not suffer any harm as a result of any acts or omissions of the Defendants as alleged in the FAC or otherwise, and any purported damages or harm to Kerhart were the result of causes other than the acts or omissions of the Defendants.

### TENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

Kerhart's claims fail (in whole or in part) because, to the extent the Defendants infringed on any of Kerhart's rights under copyright (which Defendants deny) the purported infringement was innocent rather than willful.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Limited Number of Works for Potential Statutory Damages)

To the extent that Kerhart seeks statutory damages, the potential number of works at issue for purposes of statutory damages is limited as Kerhart's copyright works constitute a compilation under 17 U.S.C. § 101 *et seq.*

### TWELFTH AFFIRMATIVE DEFENSE

### (No Attributable Profits)

To the extent that Kerhart seeks the recovery of profits or revenues from the Defendants purported infringement of Kerhart's copyrighted works (which Defendants deny), such profits and revenues were not attributable to (nor can they be

allocated or apportioned) the Defendants based upon the acts of infringement alleged in the FAC.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Kerhart is barred from recovery (in whole or in part) because of and to the extent of his failure to mitigate his alleged damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

To the extent that Kerhart seeks his attorneys' fees for the present action, he is not entitled to such relief under the circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Jury for Equitable Issues)

Kerhart is not entitled to a jury trial on any equitable issues.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

Defendants at this time have insufficient information upon which to form a belief as to whether they may have additional affirmative defenses. Defendants reserve their rights to assert additional affirmative defenses in the event they discover facts upon which such affirmative defenses may be based.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

1.      That Kerhart take nothing by way of the FAC against Defendants, and the action be dismissed with prejudice;

2.      That judgment be entered in favor of the Defendants and against Kerhart with respect to all claims in the FAC relating to Defendants;

3.      That the Court award Defendants their attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and

4.    That the Court award such other relief that it deems just and proper to Defendants.

Dated:  July 6, 2023                          **Law Offices of Lincoln Bandlow**

By _____
LINCOLN D. BANDLOW
ROM BAR-NISSIM
Attorneys for Defendants Penske
Media Corporation, Dirt.com,
LLC, The Hollywood Reporter